UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY MICHELE TANNER and
CHRIS THOMAS TANNER,

|  |  |  |
|---|---|---|
| Plaintiffs, | Case No. |
| vs. | Judge |

933387 ONTARIO LTD., D/B/A REMEX
EXPRESS, and KEN M. DAEHN,

Defendants.

_____/

## COMPLAINT AND JURY DEMAND

Plaintiffs, Mary Michele Tanner and Chris Thomas Tanner, by and through their attorneys, Inosencio & Fisk, PLLC and Randy Arden Musbach, state as follows in support of their *Complaint*:

## COMPLAINT

### Preliminary Statement

1.     This is a case of a clear liability collision in which a tractor-trailer owned by Defendant Remex Express and driven by Defendant Daehn failed to stop and

crashed into the back of the vehicle driven by Plaintiff Mary Michele Tanner, causing Plaintiffs to sustain the injuries more specifically described below.

## Parties

2. Plaintiff Mary Michele Tanner is an adult individual who resides in the County of Calhoun, State of Michigan.  She is presently a citizen of the State of Michigan and was a citizen of the State of Michigan at the time of the truck crash described in this *Complaint*.

3. Plaintiff Chris Thomas Tanner is an adult individual who resides in the County of Calhoun, State of Michigan, and is the spouse of Plaintiff Mary Michele Tanner.  He is presently a citizen of the State of Michigan and was a citizen of the State of Michigan at the time of the truck crash described in this *Complaint*.

4. Defendant 933387 Ontario Ltd., d/b/a "Remex Express," (herein "Defendant Remex Express") is an alien corporation, having its principal place of business at 250 Wright Blvd., Stratford, Ontario, Canada, presently and at the time of the truck crash described in this *Complaint*.  Defendant Remex Express is not a citizen of the State of Michigan.

5. Defendant Remex Express does not maintain a registered agent for service of process in the State of Michigan.

2

6. At all relevant times, Defendant Remex Express was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Michigan, including in and through the Western District of Michigan.

7. At all relevant times, Defendant Remex Express was and is the owner of the tractor trailer being driven by Defendant Daehn.

8. Defendant Ken M. Daehn (herein "Defendant Daehn") is an alien living in Kitchener, Ontario, Canada, presently and at the time of the truck crash described in this *Complaint*. At all times relevant herein Daehn was acting in the course and scope of his employment with Remex Express and in the furtherance of the business of Remex Express. Defendant Daehn is not a citizen of the State of Michigan.

## Jurisdiction and Venue

9. The accident described in this *Complaint* occurred in the State of Indiana.

10. Plaintiffs are citizens of this judicial district and the Defendants, as an alien corporation and an alien individual, may be sued in any judicial district. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3).

11. This Court has original jurisdiction as the amount of damages in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a State and citizens of a foreign state. Accordingly, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(2).

## Factual Background

12.     On June 17, 2019, at approximately 12:15 p.m., Plaintiff Mary Michele Tanner was operating a motor vehicle (referred to as "V2" in the drawing contained within the Standard Crash Report prepared by Indiana State Trooper E. Treon set forth below) northbound on I-69 in Monroe Township, Grant County, Indiana, near milepost 262.

13.     Defendant Daehn was operating a tractor trailer (referred to as "V1" in the drawing contained within the Standard Crash Report prepared by Indiana State Trooper E. Treon set forth below), at the same time and place, also traveling northbound on I-69, when he failed to stop the truck he was driving and crashed into the rear of the vehicle Plaintiff Mary Michele Tanner was operating.

14.     The vehicle being driven by Plaintiff Mary Michele Tanner, a 2015 Ford Edge (VIN 2FMTK3J92FBC26016) ("the Vehicle"), was stopped in a construction zone in the northbound lanes of I-69 at the time Defendant Daehn crashed into the rear of the Vehicle.

15.     Upon information and belief, Defendant Daehn never attempted any maneuver to avoid crashing into the rear of the Vehicle while it was stopped in a construction zone in the northbound lanes of I-69.



*Indiana Officer's Standard Crash Report*

16.    Plaintiff Mary Michele Tanner suffered multiple injuries as a result of the crash.

17.    Plaintiff Mary Michele Tanner, as a direct and proximate result of the negligent acts and omissions of Defendants, was injured and suffered damages, including:

a.    Medical expenses.

      b.       Physical pain and suffering.

      c.       Mental pain and suffering.

      d.       Inability to perform usual activities.

      e.       Loss of enjoyment of life.

      f.       Physical disability and disfigurement.

      g.       Other injuries and damages that may become known during

this case.

18.     Plaintiff Chris Thomas Tanner has suffered a loss of society and companionship as the result of the injuries to his spouse, Plaintiff Mary Michele Tanner.

19.     Plaintiff Mary Michele Tanner was an innocent victim who in no way contributed to causing the crash or any injury to herself or anyone else on June 17, 2019. There is nothing that Plaintiff Mary Michele Tanner could have done to avoid or minimize the crash or the damages resulting from the crash.

20.     The crash described herein was caused by the negligence of Defendants.

21.     The crash described herein was foreseeable to Defendants and could have been avoided had said Defendants acted in a safe and prudent manner as required by Indiana law and in accordance with the standards required of professional truck drivers and motor carriers.

22.    At the time of the crash described herein, and in the moments immediately before said crash, Plaintiff Mary Michele Tanner experienced shock, fright, and terror.

## COUNT I
### DEFENDANT DAEHN
**(Negligence and Negligence Per Se)**

23.    Plaintiffs adopt by reference the allegations set forth above in paragraphs 1 through 22 as though fully set forth herein.

24.    Defendant Daehn owed a duty to Plaintiff Mary Michele Tanner, at the time of the crash described herein and the moments before the crash described herein, to use due care and caution in the operation and control of the motor vehicle he was operating and to obey the Indiana Code and the rules of common law.

25.    Contrary to the duties owed to Plaintiff Mary Michele Tanner, Defendant Daehn was negligent in that he:

a.    failed to stop his vehicle within the assured clear distance ahead in violation of Indiana Code (IC 9-21-5-1);

b.    failed to pay proper attention to his course of travel;

c.    failed to keep a sharp and careful lookout;

d.    failed to see what there was to be seen;

e.    failed to keep his vehicle under control;

7

f.      failed to operate his vehicle in a manner so as not to endanger Plaintiff Mary Michele Tanner;

g.      followed another vehicle more closely than was reasonable and prudent, having due regard for the speed of both vehicles, the time interval between the vehicles, and the condition of the highway, in violation of the Indiana Code (IC 9-21-8-14);

h.      failed to drive at an appropriate reduced speed when a special hazard existed with respect to highway conditions, in violation of the Indiana Code (IC 9-21-5-4);

i.      failed to obey the instructions of an official traffic control device placed in accordance with Indiana law, in violation of the Indiana Code (IC 9-21-8-41(a));

j.      failed to exercise extraordinary care to secure the mutual safety of all persons and vehicles at a worksite on a highway when a traffic control device was utilized, in violation of the Indiana Code (IC 9-21-8-41(b));

k.      failed to observe and obey a traffic control device including signals, signs, and warnings to safely control traffic movement   at a worksite and promote safety at a worksite, in violation of the Indiana Code (IC 9-21-8-41(c));

l.     operated his vehicle with disregard for the rights, safety and position of others upon the highway;

m.    operated his truck (a tractor-trailer combination) in a reckless attempt to endanger the safety or property of others, in violation of the Indiana Code (IC 9-21-8-50);

n.     operated his truck while recklessly driving at such an unreasonably high rate of speed under the circumstances as to endanger the safety or the property of others, in violation of the Indiana Code (IC 9-21-8-52(a)(1)(A)); and

o.     engaged in aggressive driving, as defined by the Indiana Code (IC 9-21-8-55), by (1) following a vehicle to closely in violation of IC 9-21-8-14, (2) failing to obey a traffic control device in violation of IC 9-21-8-41, and (3) driving at an unsafe speed in violation of IC 9-21-5,

all of which are contrary to Indiana Code and rules of common law. Plaintiffs reserve the right to add additional allegations of negligence which may appear during this case.

26.    Defendant Daehn had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of Plaintiff Mary Michele Tanner and other members of the public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front of his vehicle,

and operating his commercial motor vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

27.     As a professional truck driver, Defendant Daehn also had a duty to operate his commercial vehicle in accordance with the standards required of commercial vehicle drivers and in accordance with the required skills and knowledge set forth in 49 CFR § § 383.111 and 383.113, the mandates of 49 CFR § § 390-395, and industry and corporate standards and guidelines that emanate from these safety regulations.

28.     Defendant Daehn, as a professional truck driver subject to the Federal Motor Carrier Safety Regulations, breached those duties, and is liable for his tortious acts and omissions which include, but are not limited to, the following:

a.     failure to keep a lookout for vehicles and traffic ahead;

b.     failure to perform a proper visual search;

c.     failure to properly manage his space;

d.     following too closely;

e.     failure to yield the right of way to vehicles in front of him on the roadway;

f.     failure to drive at a safe and reasonable speed under the conditions;

g.     failure to drive defensively;

h.     operating a motor vehicle while distracted;

i.     operating a motor vehicle while fatigued;

10

j.      failure to drive in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff Mary Michele Tanner in particular, in grave danger;

k.      failure to adhere to safe driving principles expected of professional drivers;

l.      failure to operate his truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

m.      violating the Indiana Code as it relates to driving a motor vehicle in a highway work zone, as that term is defined by the Indiana Code (IC 8-23-2-15);

n.      otherwise failing to act reasonably and prudently as a professional driver should under the circumstance; and

o.      such other acts or omissions of negligence that shall be added by amendment or proven at trial.

29.      As a result of the foregoing breaches of duties, Plaintiffs were injured and suffered the losses and damages as set forth above.

30.      Defendant Daehn's negligence, either alone or in conjunction with the negligence of Defendant Remex Express, proximately caused the injuries and damages to Plaintiffs.

11

31.     Defendant Daehn is liable to Plaintiffs for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiffs as a result of his negligence.

Plaintiffs request a judgment against Defendants in whatever amount each Plaintiff is found to be entitled, plus costs, interest and attorney fees.

**COUNT II**
**DEFENDANT REMEX EXPRESS**
**(Vicarious Liability)**

32.     Plaintiffs adopt by reference the allegations set forth above in paragraphs 1 through 31 as though fully set forth herein.

33.     At the time of the crash described herein, Defendant Daehn was an employee and/or agent of Defendant Remex Express and was acting within the course and scope of his employment and/or agency.

34.     At the time of the crash described herein, Defendant Daehn was furthering the business interests of Defendant Remex Express.

35.     Defendant Remex Express is liable to Plaintiffs under the doctrine of respondeat superior and/or the principles of agency for the tortious acts and omissions of their agents, employees, members, representatives, servants or contractors pursuant to the Indiana Code and other applicable law.  These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Daehn on June 17, 2019, which are described above and were committed within the course and scope of his agency or employment with Defendant Remex Express.

36.     As a result of the foregoing breaches of duties, Plaintiffs were injured and suffered the losses and damages as set forth above.

37.     Defendant Remex Express' negligence, either alone or in conjunction with the negligence of Defendant Daehn, proximately caused the injuries and damages to Plaintiffs.

38.     Defendant Remex Express is liable to Plaintiffs for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiffs as a result of the negligence of Defendant Daehn and/or its own independent negligence.

Plaintiffs request a judgment against Defendants in whatever amount each Plaintiff is found to be entitled, plus costs, interest and attorney fees.

Date: February 26, 2021                         /s/ Bruce A. Inosencio, Jr.
                                                Bruce A. Inosencio, Jr., P-54705
                                                Inosencio & Fisk PLLC
                                                Attorney for Plaintiffs
                                                740 W. Michigan Ave.
                                                Jackson, MI 49201-1909
                                                (517) 796-1444
                                                bruce@inosencio.com

                                                /s/ Randy Arden Musbach
                                                Randy Arden Musbach, P-34258
                                                Law Office of Randy Musbach
                                                Attorney for Plaintiffs
                                                109 West Middle Street
                                                Chelsea, MI 48118-1224
                                                (734) 475-5900
                                                randy@randymusbach.com

## JURY DEMAND

Plaintiffs demand a jury trial in this case.

Date: February 26, 2021

/s/ Bruce A. Inosencio, Jr.
Bruce A. Inosencio, Jr., P-54705
Inosencio & Fisk PLLC
Attorney for Plaintiffs
740 W. Michigan Ave.
Jackson, MI 49201-1909
(517) 796-1444
bruce@inosencio.com


/s/ Randy Arden Musbach
Randy Arden Musbach, P-34258
Law Office of Randy Musbach
Attorney for Plaintiffs
109 West Middle Street
Chelsea, MI 48118-1224
(734) 475-5900
randy@randymusbach.com